UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAYSON CHUNG,

     Petitioner,

v.                          Case No: 2:13-cv-85-FtM-29DNF

STUART K. WHIDDON, Sheriff, MARC J. MOORE, Director of the Southern District Field Office, ANTHONY AIELLO, Asst. Field Office Director, ERIC HOLDER, Attorney General, and JANET NAPOLITANO, Secretary of The Department of Homeland Security,

     Respondents.[1]

_____

**ORDER OF DISMISSAL**

Petitioner Jayson Chung ("Petitioner"), a native and citizen of Jamaica, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1, filed February 8, 2013). At the time he filed the petition, Petitioner had been detained in ICE custody at the Glades County Detention Center in Moore Haven,

---

[1] A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. In cases involving present physical confinement, the Supreme Court reaffirmed in Rumsfeld v. Padilla, 542 U.S. 426 (2004) that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Padilla, 542 U.S. at 439. As Petitioner was detained at the Glades County Detention Center in Moore Have, Florida, Petitioner's immediate custodian and proper respondent is Sheriff Stuart K. Whiddon. All other respondents are dismissed from this action.

Florida since May 15, 2012. Id. at 1. Petitioner asserts that he is not subject to the mandatory detention provisions of INA § 236(c), 8 U.S.C. § 1226(c), because he was not taken into custody in "close temporal proximity" to his release from state incarceration (Doc. 1 at 4). Petitioner also asserts that his continued detention without an individualized bond hearing violates his due process rights under the Fifth Amendment of the United States Constitution (Doc. 1 at 2, 4). In addition, Petitioner challenges the legality of his underlying notice to appear ("NTA") as a whole because of a contradiction between his NTA and the Department of Homeland Security's Form I-826 (Doc. 1 at 4). Petitioner asks this Court to assume jurisdiction over this matter and order that he receive an individualized bond hearing (Doc. 1 at 5).[2]

Respondent was ordered to show cause why the petition should not be granted (Doc. 5). Respondent filed a response to the petition in which he argued that the habeas petition was premature and should be dismissed (Doc. 8). Specifically, Respondent noted

---

[2] Petitioner also requests an order preventing Respondent from transferring him from the jurisdiction of this Court while he remains in ICE custody (Doc. 1 at 5). Such an order is unnecessary as a transfer out of the Middle District of Florida would not divest this Court of jurisdiction over the petition. See Braden v. 30th Judicial Court of Kentucky, 410 U.S. 484, 495 (1973) (a petitioner's presence within the territorial confines of the district is not "an invariable prerequisite" to the exercise of a district court's habeas corpus jurisdiction). Accordingly, this particular request will not be further addressed by this Court.

that Petitioner was currently subject to a final order of removal because he had failed to appeal the immigration judge's determination that Chung was removable (Doc. 8 at 3). Respondent argued that, because Petitioner was under a final order of removal, the statutory authority for his detention converted from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1231(a)(2). Respondent asserted that neither the statutory 90-day removal period prescribed by 8 U.S.C. § 1231(a)(b)(B)(i) nor the 180-day "presumptively reasonable" detention period, had yet expired (Doc. 8 at 6) (citing Zadvydas v. Davis, 533 U.S. 678 (2001) and Akinwale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002)).

Subsequent to the response, Petitioner was deported to Jamaica. Thereafter, Respondent filed a motion to dismiss the action as moot (Doc. 9, filed October 10, 2013). Petitioner has not responded to the motion to dismiss.

For the reasons set forth in this Order, Respondents' motion to dismiss the petition as moot is **GRANTED.** Petitioner's claim that he is being unconstitutionally held is moot. In addition, because this Court lacks jurisdiction to grant relief on Petitioner's claim contesting his NTA, the petition for writ of habeas corpus shall be **DISMISSED**.

I. Background

Petitioner is a native and citizen of Jamaica (Doc. 8-1). He entered the United States as a lawful permanent resident on

December 17, 1997. Id.  On June 20, 2002, Petitioner was convicted in New York for criminal possession of marijuana for which he received a conditional discharge (Doc. 8-2).  On September 10, 2002, Petitioner was convicted in New York on another charge of criminal possession of marijuana and imprisoned for seven days (Doc. 8-3).  On February 22, 2008, Petitioner was convicted of criminal possession of a stolen or fictitious driver's license and for possession of marijuana in excess of twenty grams and received a suspended sentence (Doc. 8-4).  On May 15, 2012, Petitioner was convicted for the fraudulent use of a social security number and the false impersonation of a United States citizen (Doc. 8-5).  He was sentenced to time served and placed on supervised release for three years. Id.

Petitioner was detained by ICE officers on May 15, 2012 (Doc. 8-1).  He was served with an NTA charging him with removability under 8 U.S.C. § 1227(a)(2)(B)(i); 8 U.S.C. § 1227(a)(2)(A)(ii) and 8 U.S.C. § 1227(a)(3)(D) for a controlled substance conviction, for convictions of two crimes involving moral turpitude, and for falsely representing himself as a United States citizen (Doc. 8-6).[3]  In January of 2013, the immigration court denied Petitioner's

---

[3] Under the INA, criminal aliens who are convicted of certain offenses may be removed from this country.  8 U.S.C. § 1227(a)(2). In some instances, the Attorney General has the discretion to cancel removal. 8 U.S.C. § 1229(a)(b).  However, lawful permanent residents convicted of certain serious crimes are ineligible for cancellation of removal and are subject to mandatory deportation.

request for a custody redetermination, concluding that Petitioner was subject to detention without bond during the pendency of removal proceedings under 8 U.S.C. § 1226(c) (Doc. 1 at 2-3).

Subsequently, an immigration judge found Petitioner removable as charged and ordered his removal to Jamaica (Doc. 8-10). Petitioner did not appeal this decision, and authority for his detention shifted from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1231(a)(3). See Denmore v. Kim, 538 U.S. 510, 512 (2003) (recognizing that § 1226(c) was intended only to govern detention of deportable criminal aliens "*pending their removal proceedings*")(emphasis in original).

---

8 U.S.C. § 1229b(a)(3); See also Moncrieffe v. Holder, 133 S. Ct. 1678 (2013)(discussing when an alien is subject to mandatory deportation due to a conviction for certain aggravated felonies). In Moncrieffe, the United States Supreme Court concluded that when the government urges that a state conviction qualifies as an "aggravated felony" under the INA, a court must determine whether the state offense is comparable to an offense listed under the INA. Id. at 1684. A state offense matches a generic federal offense only if "a conviction of the state offense 'necessarily involved . . . facts equating to [the] generic [federal offense].'" Id. (citing Shepard v. United States, 544 U.S. 13, 24 (2005)).

It is unclear whether Petitioner challenges any of his underlying convictions as predicate offenses for mandatory removal, but he does claim, without explanation, that he is not subject to mandatory detention (Doc. 1 at 2). Because this Court can no longer provide Petitioner any meaningful relief, it is unnecessary to determine whether the holding in Moncrieffe should be extended to determine whether a petitioner's prior convictions subject him to mandatory detention or whether this Court would have jurisdiction to consider such a claim. 8 U.S.C. § 1226(c); see discussion infra Part II(a).

Petitioner was released from custody and removed to Jamaica on July 25, 2013 (Doc. 9; Doc. 9-1).

## II. Analysis

### a. *Mootness*

Petitioner claims that he is entitled to habeas relief based upon the length of his detention by ICE officials without an individualized bond hearing, which he says violates his substantive right to due process (Doc. 1 at 2). Petitioner also challenges the constitutionality of mandatory detention during removal proceedings under 8 U.S.C. § 1226 (Doc. 1 at 4).[4]

Respondent notes that Petitioner challenges only his continued detention, and has filed a motion to dismiss asserting that the petition is moot because, subsequent to the petition's filing, Petitioner was removed to Jamaica (Doc. 9 at 1) (citing Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986); Suarez-Tejeda v. United States, 85 F. App'x 711, 715 (10th Cir. 2004); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991)) (Doc. 9 at 2). Respondent attaches as an exhibit to the motion, Petitioner's detention history which indicates that he was removed on July 25, 2013 (Doc. 9-1).

---

[4] Petitioner's second argument is squarely foreclosed by the Supreme Court's decision in Denmore v. Kim, 538 U.S. 510 (2003)("Detention during removal proceedings is a constitutionally permissible part of that process.").

The Eleventh Circuit has held that a "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (citing to Powell v. McCormack, 395 U.S. 486, 496 (1969)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254).

It is undisputed that Petitioner has been released. Accordingly, to the extent Petitioner seeks release from INS custody or an individualized bond hearing, the Court can no longer give Petitioner any meaningful relief. See Soliman v. United States, 296 F.3d 1237, 1242-43 (11th Cir. 2002) (dismissing as moot an appeal of a § 2241 petition seeking relief from a lengthy detention pending removal because alien had been returned to his native country); Ousama v. Gonzales, Case No. CA 06-0770, 2007 WL 710106, at *2 (S.D. Ala. 2007) (finding petition moot where the petitioner was repatriated to his native country); Gauchier v. Davis, Case No. 01-3710, 2002 WL 975434, at *2 (E.D. La. 2002) (finding petition moot where petitioner was deported to native

country); Xing Hai Liu v. Ashcroft, 218 F.Supp.2d 1, 1 (D. Me. 2002) (dismissing petition as moot because petitioner had been returned to China); Malainak v. Immigration & Naturalization Serv., No. 3-01-cv-1989, 2002 WL 220061, at *2 (N.D. Tex. 2002) (dismissing petition as moot because petitioner was removed to Thailand).

There is a narrow exception to the mootness doctrine for actions that are capable of repetition yet evading review. See Najjar, 273 F.3d at 1336, 1340.  The exception may be invoked only when: "(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Id. at 1336 (quoting Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir. 1997)).

The instant case cannot satisfy the narrow exception to the mootness doctrine because Petitioner is no longer being held pursuant to 8 U.S.C. § 1226(c).  The issuance of a final removal order subsequent to Petitioner filing his habeas petition "fundamentally change[d] the procedural posture of the case" and rendered the petition moot. See De La Teja v. United States, 321 F.3d 1357, 1363 (11th Cir. 2003).  The Eleventh Circuit's reasoning in De La Teja is instructive.

At the time he had filed his § 2241 habeas petition, De La Teja, like Petitioner, was detained pursuant to § 1226(c) pending a final decision on the INS's removal petition. De La Teja, 321 F.3d at 1362. Subsequently, De La Teja's removal order became final and he became subject to detention pursuant to § 1231(a)(2). Id. at 1363. The Eleventh Circuit concluded that De La Teja's habeas petition was moot "[b]ecause the Attorney General no longer [was] acting pursuant to § 1226(c)," and it was "altogether inappropriate" to consider the question of whether De La Teja's detention pursuant to § 1226(c) violated due process. Id. at 1263. The court addressed the narrow exception to the mootness doctrine, noting that "actions that are capable of repetition yet evading review applies only to the exceptional circumstance in which the same controversy will recur and there will be inadequate time to litigate it prior to its cessation." 321 F.3d at 1364, n. 3 (citation omitted). The court concluded that the exception to the mootness doctrine for actions that are capable of repetition "does not apply because the controversy at issue . . . necessarily cannot arise again, as De La Teja is now, and will be, subject to a final order of deportation." Id.

Likewise, Petitioner is now subject to a final order of removal and is no longer being held under the authority of 8 U.S.C. § 1226(c). Even should Petitioner somehow be detained in the future, a decision from this Court concerning his prior period of

detention would not provide Petitioner the habeas relief he seeks because any future detention would be authorized under 8 U.S.C. § 1231.

In accordance with the foregoing, Petitioner's claims that he is being unconstitutionally held and is entitled to an individualized bond hearing are dismissed as moot.

### b.    *Lack of Jurisdiction*

Petitioner also seeks to challenge his NTA stating that it conflicts with the United States Department of Homeland Security's Form I-826 (Doc. 1 at 4).  Specifically, Petitioner asserts that the NTA "[a]ccurately states that he was admitted into the United States at El Paso, Texas on May 26, 1994 as an FX/Lawful Permanent Resident." (Doc. 1 at 4).  The Court notes that this statement is incorrect, as Petitioner's NTA states that he entered the United States at an unknown place on or about December 17, 1997 as a legal permanent resident (Doc. 8-6).  Accordingly, the allegation concerning the issuance of the NTA does not appear to relate to Petitioner.

In any case, there is a final order of removal in place, and this Court does not have jurisdiction to hear any challenge to a final order of removal.  The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . ., a petition for review filed with an appropriate court of appeals in

>  accordance with this section shall be the sole
>  and exclusive means for judicial review of an
>  order of removal entered or issued under any
>  provision of this chapter[.]

8 U.S.C. § 1252(a)(5). This is a clear statement of congressional intent to limit habeas jurisdiction in certain circumstances to the courts of appeal. See Sundar v. INS, 328 F.3d 1320, 1324 (11th Cir. 2003) (explaining that habeas review may only be limited where there is a clear statement by Congress); Mata v. Sec'y of Dep't of Homeland Sec., 426 F. App'x 698, 699–700 (11th Cir. 2011) ("[A]n order of removal maybe reviewed only by a court of appeals after the filing of a petition for review.").

Under this standard, this Court lacks jurisdiction to hear Petitioner's claim challenging the underlying facts concerning his final order of removal. Therefore, to the extent Petitioner intended to challenge his final order of removal, the claim is dismissed for lack of jurisdiction.

## III. Conclusion

Because Petitioner has been released from custody and removed from the United States, his claim that he is being held unconstitutionally has been rendered moot. In addition, this Court lacks authority to review factual determinations made concerning a final order of removal. For these reasons, the 28 U.S.C. § 2241 petition for writ of habeas corpus shall be dismissed.

Accordingly, it is **ORDERED**:

1. Respondents Eric Holder, Janet Napolitano, Marc J. Moore, and Anthony Aiello are **DISMISSED** from this action as improper respondents;

2. Respondent's motion to dismiss Plaintiff's petition as moot (Doc. 9) is **GRANTED**. Petitioner's claim that he is being held unconstitutionally is dismissed as moot;

3. Because this Court lacks jurisdiction to grant relief on Petitioner's remaining claim, it is dismissed on the ground that this Court lacks jurisdiction to adjudicate it;

4. With no remaining claims, the petition for writ of habeas corpus filed by Jayson Chung (Doc. 1) is **DISMISSED** without prejudice to his right to file a new § 2241 in the future if a change in his circumstances occurs; and

5. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this   9th   day of July, 2014.

　　　　　　　　　　　　　　　　　　／s／ John E. Steele
　　　　　　　　　　　　　　　　　　JOHN E. STEELE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Jayson Chung
Counsel of Record